**UNITED STATES of America, Appellee,**

v.

**T. W. FERGUSON and Edith R. Ferguson, his wife, Appellants.**

**No. 10418.**

United States Court of Appeals Fourth Circuit.

Argued June 1, 1966.

Decided Oct. 19, 1966.

W. H. McElwee, No. Wilkesboro, N. C. (John E. Hall and McElwee & Hall, No. Wilkesboro, N. C., on the brief) for appellants.

William M. Cohen, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., and Roger P. Marquis, Atty., Dept. of Justice, and William H. Murdock, U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, BELL, Circuit Judge, and HEMPHILL, District Judge.

PER CURIAM.

Appellant landowners urge upon this court their exceptions to the report of the Condemnation Commission as affirmed by the District Court. They first complain that the report of the Commission did not meet the directives set forth in United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964).[1] Other exceptions question the Commission's finding that the highest and best use of the flowage easement was for agricultural purposes and complain that the formula used for ascertaining the measure of damages caused by estimated intermittent flooding of appellants' lands was erroneous. With these contentions this court does not agree.

A thorough review of the record shows that the Commission scrupulously followed the instructions of the appointing authority. As disclosed by the minutes of the Clerk of the Court, a part of the record, every facet of Commission procedure outlined in *Merz* was adhered to. And, as required, "the path followed by the commissioners in reaching the amount of the award can * * * be distinctly marked." It is unnecessary to question whether the issue was timely raised.[2]

We affirm the district judge in his finding that the landowners have been justly compensated for all burdens and restrictions placed upon their land, and agree that the record reveals no error. It is apparent that the Commissioners, under the instructions given them, correctly followed the principles expressed by this court in United States v. Willis, 141 F.2d 314 (4th Cir. 1944) and United States v. Twin City Power Company, 248 F.2d 108 (4th Cir. 1957). The market value of the land was used as a basis for fixing compensation and the path of reasoning, as set forth in the report, is clear and unambiguous.

Affirmed.

1. Appellee classifies this as an attack on the adequacy of the Commission's Report. Since the question was not raised before the District Court it cannot be considered on appeal. The question is an indistinguishable part of the other exceptions.

2. See Morgan v. United States, 356 F.2d 17 (8th Cir. 1966).